Application of John Thomas GLAZEW-SKI for a Writ of Habeas Corpus.

John Thomas Glazewski, Appellant.

No. 15652.

United States Court of Appeals
Third Circuit.

Submitted May 25, 1966.

Decided June 9, 1966.

John T. Glazewski, pro se.

Joseph P. Merlino, Vincent Panaro, Mercer County Prosecutor, Trenton, N. J., for appellee.

Before KALODNER and HASTIE, Circuit Judges, and WRIGHT, District Judge.

PER CURIAM:

This appeal is from the District Court's denial of appellant's petition for a writ of habeas corpus which was premised on contentions that (1) he was not properly represented by his court-appointed counsel when, after a jury was sworn, he withdrew his earlier plea of not guilty and pleaded non vult; (2) the appointment of his counsel was "not timely"; and (3) the trial court had given improper consideration to his case.

The record discloses that the appellant was arrested and four indictments were returned in Mercer County, New Jersey, charging him with kidnapping, assault with intent to rape, assault with firearm, and carrying concealed firearm and that he entered a plea of not guilty to all the indictments on September 18, 1959; that shortly thereafter the State court appointed counsel to represent him; that he changed his not guilty plea to that of non vult with respect to the indictments charging him with kidnapping and assault with intent to rape when placed on trial on November 30, 1959; that when he did so the trial judge explained that "a plea of non vult is equivalent to a plea of guilty. * * * In English it means you plead guilty, you admit the charge and that the court may impose sentence upon you without trial by jury because there is nothing to try"; the trial judge also asked the appellant "Do you understand my language?" and after the appellant answered "Yes, sir" he questioned the appellant as follows: "Did anyone use any force, threaten you or make any promise in taking the statement from you and the plea, the Latin plea of non vult? No promises, no threats?" and the appellant replied, "No, sir" and "Nobody forced upon me nothing." On January 8, 1960, the appellant was sentenced to a minimum term of 30 years and a maximum term of 40 years on the kidnapping indictment, and a minimum of 10 and a maximum of 12 years on the assault with intent to rape indictment, the sentences to run consecutively; the other indictments were dismissed on the state's motion.

On April 11, 1960, the appellant unsuccessfully filed a motion in the Mercer County court for withdrawal of his plea of non vult alleging that he was coerced by promises of leniency. He thereafter at various times filed three petitions for habeas corpus relief in the Mercer County court which were all denied. On October 1, 1962 the Supreme Court of New Jersey denied his petition which was premised on the denial of his previous applications for habeas corpus relief and various other motions which he had filed. The United States Supreme Court denied his petition for certiorari on May 20, 1963, Glazewski v. New Jersey, 373 U.S. 927, 83 S.Ct. 1531, 10 L.Ed.2d 426.

Thereafter the appellant filed the instant petition for habeas corpus relief in the United States District Court for the District of New Jersey. Following hearings had on June 12, 1964, and July 7 and 8, 1964, the District Court denied the writ on July 6, 1965.

On review of the record we are of the opinion that the District Court did not err in its denial of the writ for the reasons so well stated in Judge Shaw's carefully considered opinion. Accordingly, the Order of the District Court will be affirmed.